IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>ORMET CORPORATION, et al.[1]<br>Debtors. | Chapter 11<br>Case No. 13-10334 (MFW)<br>(Joint Administration Pending)<br>Re: D.I. 14 |

### ORDER AUTHORIZING THE DEBTORS TO (A) PAY PRE-PETITION CLAIMS OF SHIPPERS AND WAREHOUSEMEN AND (B) SATISFY CUSTOM DUTIES IMPOSED ON SHIPMENTS FROM FOREIGN SUPPLIERS

Upon the motion (the "Motion")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to pay certain pre-petition claims of Shippers and Warehousemen and satisfy obligations related to Customs Duties; and the Court having considered the Declaration of James Burns Riley in Support of First Day Motions and Applications (the "Riley Declaration"); and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Motion and opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given, and after due deliberation and sufficient cause appearing therefore,

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Ormet Corporation (2006); Ormet Primary Aluminum Corporation (9779); Ormet Aluminum Mill Products Corporation (9587); Specialty Blanks Holding Corporation (7019); and Ormet Railroad Corporation (0379). The service address for all of the Debtors for purposes of these Chapter 11 cases is: 43840 State Route 7, Hannibal, Ohio 43931.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on the terms set forth herein.

2. Objections to the Motion, if any, shall be and hereby are OVERRULED.

3. The Debtors are authorized, but not directed, to pay in the ordinary course of business certain pre-petition Shipping and Warehousing charges in an amount not to exceed $3 million in the aggregate, unless otherwise set forth in a further order, after notice and a hearing.

4. The Debtors are authorized, but not directed, to pay in the ordinary course of business, certain pre-petition Customs Duties, including amounts owed the Agent on account of Custom Duties, in an amount not to exceed $10,000 in the aggregate, unless otherwise set forth in a further order, after notice and a hearing.

5. In return for payment of the Shipping and Warehousing charges, the Shippers and Warehousemen agree to provide services to the Debtors on Customary Trade Terms, or such other terms as may be agreed upon between the Debtors and such Shippers and Warehousemen. The Customary Trade Terms, or alternative agreed upon terms, shall apply for the remaining term of the Shippers or Warehouseman's relationship with the Debtors, so long as the Debtors agree to pay for such goods in accordance with such terms.

6. Subject to the objection rights described herein, if any Shipper or Warehouseman accepts payment on account of a pre-petition obligation of the Debtors and thereafter does not continue to provide goods or services to the Debtors on Customary Trade Terms, or other trade terms agreed upon by the Debtors, absent an objection as described below, any payments made may be deemed an avoidable post petition transfer under Section 549 of the Bankruptcy Code and recoverable by the Debtors, in cash, upon written request. Upon recovery by the Debtors, the claim of the Shipper or Warehouseman, as the case may be, shall be reinstated as a pre-petition claim in

the amount so recovered. The Debtors are hereby authorized, but not directed, to obtain written verification, before issuing payment to a Shipper or Warehouseman, that such Shipper or Warehouseman will, if relevant, continue to provide services to the Debtors on Customary Trade Terms, or other agreed upon trade terms, for the remaining term of the Shippers or Warehouseman's relationship with the Debtors; provided however, that the absence of such written verification will not limit the Debtors' rights hereunder.

7. Upon any and all third parties' refusal to release property being held as leverage against payment of such party's pre-petition claim, the Debtors shall be entitled to request an expedited hearing on not less than five (5) days' notice without the need to file a further written notice to compel the Shipper or Warehouseman, or a related third party, to release such property.

8. Warehousemen who have entered into a Waiver Agreement wherein they have agreed to waive or subordinate any rights they may have to attach a lien are hereby ordered to continue to release goods as requested by the Debtors unless and until they receive notice from the party in whose favor they agreed to release or subordinate their lien rights, or otherwise by order of this Court.

9. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder, shall be subject to the terms and provisions hereof and subject to compliance with any order of this Court approving the Debtors' use of cash collateral and/or debtor-in-possession financing (each, a "Financing Order") and any budget approved thereunder (the "Budget"). To the extent there is any conflict between this Order and any Financing Order or the Budget, the terms of such Financing Order or the Budget shall control.

10. Nothing in this Order shall prohibit the Debtors, subject to any Financing Order and the Budget, from seeking Court authority to increase the pre-petition amounts authorized to be paid to the Shippers and Warehousemen and for Customs Duties.

11. All banks and other financial institutions on which checks were drawn or electronic payment requests made in payment of the pre-petition Shipping or Warehousing Charges, or Customs Duties approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment; provided, however, that sufficient funds are available in the Debtors' bank accounts to cover such payments; provided, further, that all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

12. The Debtors are authorized to reissue any check, electronic payment, or otherwise, which was drawn in payment of any pre-petition Shipping or Warehousing Charge, or Customs Duty that is not cleared by a clearing bank.

13. Nothing herein shall impair the Debtors' or any other parties-in-interest's ability to contest, without prejudice, the validity and amounts of the Shipping and Warehousing Charges owing to the Shippers and Warehousemen, or the validity and amount of the Customs Duties.

14. The Debtors and any other party-in-interest do not concede that any liens (contractual, common law, statutory, or otherwise), the obligations of which are paid pursuant to this Order, are valid, and the Debtors expressly reserve the right to contest the extent, validity, perfection, or possible avoidance of all such liens.

15. Nothing herein shall be deemed to constitute the post petition assumption of any executory contracts between the Debtors and the Shippers or Warehousemen.

16. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or any other Bankruptcy Rule, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

17. The requirements of Bankruptcy Rule 6003 are satisfied by the contents of the Motion and the arguments and evidence presented in the Riley Declaration and at the hearing.

18. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

Dated: _____Feb. 27_____, 2013
Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

7021022.1