IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>**ORMET CORPORATION, et al.**[1]<br>Debtors. | Chapter 11<br>Case No. 13-10334 (MFW)<br>(Jointly Administered)<br>Re: D.I. 1507 |

**ORDER DISMISSING THE BANKRUPTCY CASES
AND GRANTING RELATED RELIEF**

This matter coming before the Court on the Motion of the Debtors for dismissal of the Debtors' bankruptcy cases (D.I. 1507) (the "Motion")[2]; the Court having reviewed the Motion and having heard the statements of counsel and the evidence adduced regarding the relief requested in the Motion at a hearing before the Court; and it appearing that approving the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and all parties in interest in these bankruptcy cases; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and after due deliberation thereon and good cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Ormet Corporation (2006); Ormet Primary Aluminum Corporation (9779); Ormet Aluminum Mill Products Corporation (9587); Specialty Blanks Holding Corporation (7019); and Ormet Railroad Corporation (0379). The service address for all of the Debtors for purposes of these Chapter 11 cases is: 43840 State Route 7, Hannibal, Ohio 43931.

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Motion.

B.  The Debtors, prior to the granting of the relief pursuant to this Order, were debtors and debtors in possession in these cases pending under Chapter 11 of the Bankruptcy Code.

C.  The Debtors' chapter 11 cases were not originally commenced as involuntary cases.

D.  The above-captioned cases were not converted to cases under chapter 7 of the Bankruptcy Code.

E.  The Debtors have sold all of their assets (other than Excluded Assets (as defined in the Purchase Agreement between the Debtors as Sellers and Buyer, dated as of September 30, 2014), which includes the equity interests of certain Debtor subsidiaries, which does not have any value) and all proceeds have been distributed pursuant to orders of this Court.

F.  All contested matters and other proceedings before this Court have been properly adjudicated, dismissed or are otherwise denied as moot, and there is no further action required on the part of the Debtors before this Court.

G.  The Debtors have paid all outstanding fees due to the U.S. Trustee arising in each of the chapter 11 cases under 28 U.S.C. § 1930, to the extent estimated to be incurred through the Dismissal Date.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED as set forth herein.

2.  Pursuant to sections 305(a) and 1112(b) of the Bankruptcy Code, the Debtors' chapter 11 cases shall be dismissed effective as of 11:59 p.m. (prevailing Eastern Time) on the date of the entry of this Order (the "Dismissal Date").

3.  The Clerk of the Court shall enter this Order in each of the Debtors' chapter 11 cases:

    a.  Ormet Corporation, Case No. 13-10334 (MFW);

    b.  Ormet Primary Aluminum Corporation, Case No. 13-10335 (MFW);

    c.  Ormet Aluminum Mill Products Corporation, Case No. 13-10336 (MFW);

    d.  Specialty Blanks Holding Corporation, Case No. 13-10337 (MFW); and

    e.  Ormet Railroad Corporation, Case No. 13-10338 (MFW).

4.  Notwithstanding section 349 of the Bankruptcy Code, all prior Orders of this Court entered in the Debtors' chapter 11 cases shall remain in full force and effect and shall survive the dismissal of the Debtors' chapter 11 cases.

5.  Pursuant to section 350(a) of the Bankruptcy Code, the Debtors' chapter 11 cases are hereby dismissed and ordered closed effective as of the Dismissal Date; provided, however, that notwithstanding the dismissal of the chapter 11 cases, this Court shall retain jurisdiction with respect to any matters, claims, rights, and disputes arising from or relating to the implementation of this or any other Order of this Court entered in the chapter 11 cases.

6.  Notwithstanding anything contained in their respective organizational documents to the contrary, the Debtors are authorized, but not directed, by this Court to take such actions and expend such funds as may be necessary or appropriate to wind up and/or dissolve as corporate entities under applicable state law without the approval of, or any further action by, a board of directors, shareholders or any other party, and shareholders are not entitled to any distributions in connection with their equity interests in any Debtor. Authorized representatives of the Debtors, including the Debtors' directors and officers and any other parties as may be designated by the directors and officers, are hereby authorized to execute and file, as and when

such representative determines to do so, with any necessary state entities, a copy of this Order and such other documents as may be necessary to effect such winding up or dissolution. Such authorized representatives are further authorized to propose and vote upon a resolution indicating that there are no remaining assets of the Debtors, all of the assets of the Debtors were sold and distributed pursuant to Orders of this Court on or before the Dismissal Date, and that there will be no further distribution to creditors or shareholders.

7. Upon the dissolution of the Debtors, the members of the board of directors, managers, and/or officers, as the case may be, of each of the Debtors shall be deemed to have resigned.

8. Upon the occurrence of the Dismissal Date, Kurtzman Carson Consultants LLC's ("KCC") engagement and services as claims agent for the Debtors shall be terminated, provided, that KCC may provide any post-dismissal noticing services as required, at the direction of the Debtors.

9. In accordance with Local Rule 2002-1(f)(ix), within thirty (30) days of the occurrence of the Dismissal Date, KCC shall forward to the Clerk of the Court (i) an updated list of creditors with respect to the Debtors' chapter 11 cases in .txt format as specified in the Clerk's Office Instructions and Guidelines, (ii) an updated Bankruptcy Rule 2002 notice list with respect to the Debtors' chapter 11 cases in .txt format, (iii) a final claims register in both alphabetical and numerical order in paper and .pdf format, and (iv) all original proofs of claim and an updated mailing list.

10. To the extent applicable Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived, and this Order shall be effective and enforceable immediately upon entry.

11. This Court shall retain jurisdiction to hear and determine any and all matters arising from the implementation of this Order.

Dated: December 17, 2014
       Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

7370079v2